# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV01625 AGF |
| ) | |
| ANDREW SHAYATOVICH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action for declaratory relief is before the Court on the parties' joint motion to transfer venue to the Central Division of the Western District of Missouri. In this suit Plaintiff Maryland Casualty Company seeks a declaration that it had no duty to defend or indemnify Defendant Andrew Shayatovich in the state court action brought by Defendant Joseph B. Smith to recover damages for personal injuries sustained in a motor vehicle accident involving both Defendants that occurred in Laclede County, Missouri. For the reasons stated below, the parties' joint motion shall be granted.

The record reflects that Plaintiff is a foreign corporation organized under the laws of the state of Maryland and authorized to conduct business in the state of Missouri, and both Defendants are Missouri residents. In addition, the alleged amount in controversy exceeds seventy five thousand dollars ($75,000), exclusive of interest and costs. Therefore, jurisdiction is proper under 28 U.S.C. §1332. Inasmuch as both defendants are residents of Missouri, and one defendant, Smith, resides within the Eastern District of

Missouri, venue in this district is also proper under 28 U.S.C. §1391(b)(1).

With respect to transfer of venue, the relevant facts are that the underlying accident occurred in the Central Division of the Western District; Plaintiff's counsel are based in Kansas City, Missouri, in the Western District of Missouri; and Defendant Shayatovich is a resident of Boone County, which is also located in the Central Division of the Western District. Defendant Smith resides in the Eastern District of Missouri, but asserts he has no objection to the proposed transfer of venue. The parties further contend that most, if not all, of the witnesses with knowledge of the issues in this action will be found in the Central Division of the Western District.

Where, as here, jurisdiction and venue are proper, transfer of venue is governed by 28 U.S.C. § 1404. Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "'The determination whether to grant or deny a request to transfer under § 1404(a) is within the sound discretion of the trial court.'" *Singleton v. Dannie Gilder, Inc.*, No. 4:12–CV–01367 (CEJ), 2012 WL 5384879,* 1 (E.D. Mo. Nov. 1, 2012) (quoting *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir.1985)). A motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In making its decision a court should consider:

"(1) the convenience of the parties; (2) the convenience of nonparty witnesses; (3) the availability of judicial process to compel testimony from hostile witnesses; (4) the governing law; (5) the relative ease of access to sources of proof; (6) the possibility of delay and prejudice if transfer is granted; and (7) practical considerations of cost and efficiency." *Singleton*, 2012 WL 5384879, at *1. "The 'primary, if not most important' of these interests is the convenience of the witnesses." *Id.* (quoting *Anheuser-Busch, Inc. v. City Merchandise,* 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)).

Taking into account the relevant factors and the parties' agreement with respect to the place of venue, the Court is satisfied that transfer of venue to the Central Division of the Western District is proper and will order such a transfer.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for transfer of venue is **GRANTED**. (Doc. No. 13.)

**IT IS FURTHER ORDERED** that this matter shall be transferred to the Western District of Missouri, Central Division.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2012.