UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV01625 AGF |
| ) | |
| ANDREW SHAYATOVICH, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

In this action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff Maryland Casualty Company ("Maryland Casualty") seeks a declaration that it had no duty to defend or indemnify Defendant Andrew Shayatovich ("Shayatovich") pursuant to a policy of insurance issued by Plaintiff on behalf of Team Navigator, LLC in an action brought against Shayatovich by Defendant Joseph B. Smith ("Smith") in the Circuit Court for Laclede County, Missouri, to recover damages for personal injuries sustained in a motor vehicle accident involving both Defendants. Now before the Court are Defendants' motions to transfer venue and to dismiss or stay the action on abstention grounds.[1]

Plaintiff is a Maryland corporation authorized to conduct business in Missouri. Both Defendants are Missouri residents, and one Defendant, Smith, resides in the Eastern

---

[1] Plaintiff's motion for summary judgment and Defendants' motions to extend the time for response to the motion for summary judgment are also pending before the Court, but in light of the abstention issue raised by the motion to dismiss or stay, the Court finds it appropriate to first resolve that motion.

District of Missouri. Therefore, venue in this district is proper under 28 U.S.C. §1391(b)(1). Defendants have moved pursuant to 28 U.S.C. § 1404, to transfer venue for the convenience of the parties. For the reasons stated below, however, Defendants' motion to dismiss or stay shall be granted, and this action shall be stayed pending resolution of the pending state court proceeding. Because venue in this district is not improper, the Court will exercise its discretion to deny Defendants' motion to transfer venue without prejudice to refiling as necessary.

**Background**

On December 20, 2010, Defendant Shayatovich lost control of the motor vehicle he was operating and in which Defendant Smith was a passenger, causing it to overturn and ultimately strike a tree. Smith sustained injuries as a result of the accident. On May 10, 2011, Smith filed a suit against Shayatovich and others in the Circuit Court of Laclede County, Missouri, styled *Joseph Smith v. Team Navigator LLC et. al.*, No. 11LA-CC00101, seeking damages for his injuries arising from the automobile accident. Maryland Casualty defended Shayatovich in that action, which the Circuit Court dismissed without prejudice on August 7, 2012. *See* Doc. No. 20-1.

On August 13, 2012, Smith re-filed his negligence claim in the Circuit Court, naming only Shayatovich as a defendant. *Joseph Smith v. Andrew Shayatovich*, No. 12LA-CC00157. Shayatovich received service of this second suit on or about August 20, 2012, and his attorney gave notice of the suit to Maryland Casualty. Maryland Casualty defended Shayatovich under a reservation of rights in the second Circuit Court action.

On September 11, 2012, Maryland Casualty filed this declaratory judgment action alleging among other things, that Shayatovich was not an insured under the policies of insurance issued to Team Navigator and therefore that Maryland Casualty had no obligation to defend or indemnify Shayatovich with respect to the second action then pending in the Circuit Court.  Shayatovich was served with a copy of the federal declaratory judgment action on September 12, 2012.

On October 26, 2012, the Circuit Court entered a judgment in the personal injury action in favor of Smith in the amount of $1,834,298.  On November 1, 2012, Maryland Casualty served Smith with a copy of the summons and complaint in the declaratory judgment action pending in this Court.  The Circuit Court judgment became final on November 25, 2012, and on November 27, 2012, Smith filed an equitable garnishment action *Joseph Smith v. Maryland Casualty Company, et al.*, No. 12LA-CC00250, in the Circuit Court for Laclede County, Missouri, naming Maryland Casualty and Shayatovich as defendants and asking the Court to declare whether Maryland Casualty had a duty to defend and indemnify Shayatovich in the second suit.  Subsequently, Shayatovich filed a cross-claim in the state court action against Maryland Casualty asserting bad faith.

**Applicable Law: Abstention**

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and abstention is an "'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'"  *Royal Indem.*

3

*Co. v. Apex Oil Co.,* 511 F.3d 788, 792 (8th Cir. 2008) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, (1959)). Where parallel state and federal proceedings exist, only "exceptional circumstances" will justify a federal court's decision to decline to exercise, or postpone the exercise, of its jurisdiction. *Colorado River*, 424 U.S. at 813

The Supreme Court has held, however, under the *Wilton/Brillhart* abstention doctrine, that actions seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, present a different set of considerations. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995) (noting that "the Declaratory Judgment Act [is] 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'") (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241(1952)); *see also Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Under the *Wilton/Brillhart* doctrine, a federal court has broad discretion to abstain in a declaratory judgment action and to defer to parallel state proceedings even if there are no exceptional circumstances. *See Royal Indem. Co.,* 511 F.3d at 793; *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).

Although affording courts broader discretion, *Wilton/Brillhart* abstention nonetheless requires federal-state parallelism. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 537 and 542 n. 11 (Shepherd, J., dissenting) (8th Cir. 2009) (ultimately applying *Colorado River* abstention but discussing parallel proceedings for purposes of all abstention doctrines).

4

Therefore, as a threshold matter, a court must determine "whether parallel proceedings were pending in state court at the time [the federal plaintiff] brought its [federal] action." *Scottsdale Ins.*, 426 F.3d at 996. In addition, "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Constr. Corp.*, 574 F.3d at 535.

Once this threshold requirement is met, a court considering *Wilton/Brillhart* abstention then looks to whether "the parallel state court proceeding . . . present[s] 'the same issues, not governed by federal law, between the same parties,' and . . . must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding." *Royal Indem. Co.*, 511 F.3d at 793 (quoting *Brillhart*, 316 U.S. at 495).

A court also properly considers which case was filed first and which case has made more progress. *Graybar Elec. Co. v. Construction Services and Information, Inc.*, No. 4:11 CV 953 DDN 2011 WL 5307832, at *3 (E.D. Mo. Nov. 3, 2011). The filing of the federal action prior to the state action does not necessarily preclude abstention. Rather, the "first to file" and "progress of the suit" determinations are only factors to be considered when contemplating abstention in favor of a parallel state court action. *See Smart v. Sunshine Potato Flakes, LLC*, 307 F.3d 684, 686–87 (8th Cir. 2002); *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995); *Graybar* 2011 WL 5307832, at *3.

Although the state court action need not necessarily precede the federal one, "the state court proceeding must present [to the federal court] 'the same issues, not governed by federal law, between the same parties.'" *Royal Indemnity Co.,* 511 F.3d at 796 (quoting *Brillhart*, 316 U.S. at 495)).  After considering these factors, a federal court may properly abstain from the proceeding because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where" a parallel state court proceeding is pending.  *Brillhart*, 316 U.S. at 494-95.

**Discussion**

   **Parallel Proceedings**

Taking into consideration the factors set forth above and drawing all inferences in favor of the exercise of jurisdiction, the Court is satisfied that the requirement of federal - state parallelism is met here.  It is undisputed that a related action, the underlying negligence suit, was pending in the Circuit Court at the time this action was filed, and that Defendant filed the state court action for equitable garnishment and declaratory judgment as soon thereafter as permitted under Missouri law:  thirty days after the entry of judgment in the negligence suit.  *American States Ins. Co. v. Gates Corp.*, Nos. 4:07CV932 RWS and 4:07CV1554 RWS, 2008 WL 163588, at * 5 (E.D. Mo. Jan. 17, 2008).

In addition, Plaintiff does not contest that there is "a substantial similarity" between the pending state and federal proceedings.  *Fru-Con Constr. Corp.*, 574 F.3d at 535.  The suits both involve requests for declaratory relief regarding Plaintiff's

6

obligations under the relevant insurance policies and the same parties are joined in each action.  Also there is no indication in the record that the state proceedings will not dispose of the claims presented in this Court.  However, because Shayatovich has filed a cross-claim in the state court proceeding, the federal declaratory judgment action may not resolve all issues presently before the Circuit Court.  For these reasons, the Court is satisfied that the state and federal proceedings here are parallel.  *Id.*; *Scottsdale Ins.*, 426 F. 3d at 996.

### *Wilton/Brillhart* Abstention

Turning to the application of the *Wilton/Brillhart* standards to these parallel proceedings, the Court notes again that both actions involve the same parties, the same issue, the same insurance policies, and the same arguments.  In addition, the determination of whether Maryland Casualty's insurance policies cover the claims presented is a question of state insurance law, not federal law.  *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983) (holding that if federal law governs the federal action, that must always be a major consideration weighing against "surrender"); *Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 625 (8th Cir. 2008) (stating that for abstention to be proper in a declaratory judgment action having simultaneous state court proceedings, "[t]he issues cannot be governed by federal law").

Moreover, if as Plaintiff contends, the issue presented by these actions is one of first impression under Missouri law, this consideration does not mandate, but certainly

7

favors, abstention.[2]  *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 712 (8th Cir. 2008) (stating that [t]he key consideration for the district court is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding'") (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000)); *Pharmacists Mut. Ins. Co. v. Courtney*, No. 02-0242-CV-W-ODS, 2003 WL 950081, at *3 (W.D. Mo. Feb. 4, 2003).  Finally, as noted, the parties in this action are the same as those in the state court action, and there is no indication in the record before this Court that all necessary parties have not, or cannot be, joined in the Missouri lawsuit, nor that their claims cannot be adjudicated fully in that proceeding.  *Royal Indemnity Co.,* 511 F.3d at 796; *Haverfield*, 218 F.3d at 875; *American States Ins. Co. v. Gates Corp.*, 2008 WL 163588, at *5.  Indeed, at present, full adjudication of all claims may only be obtained in the state court proceeding.

    Plaintiff attaches import to the fact that its declaratory judgment action was filed approximately two months before the filing of Defendants' pending state court action for equitable garnishment and declaratory judgment.  As explained above, Defendant filed that action promptly in accordance with the requirements of Missouri law.  By contrast,

---

[2]  By entertaining this declaratory judgment action, the Court would assume the responsibility of predicting how the Missouri Supreme Court would resolve the issue, *Gray v. Bicknell*, 86 F.3d 1472, 1482-83 (8th Cir.1996), and its predictive decision would have no precedential value if and when Missouri's highest court decides the issue. *See Stevens v. Pike County Bank*, 829 F.2d 693, 696 (8th Cir.1987) (Arnold, J., concurring).

Plaintiff undertook Shayatovich's defense under a reservation of rights in the two earlier state suits and waited more than sixteen months after the filing of the initial negligence action to seek a declaration that it has no obligation to defend or indemnify him.  For this reason, a purely technical determination based upon the respective filing dates of the two suits now pending would not be appropriate here.  *See Wilton*, 515 U.S. at 280 (affirming stay of insurer's declaratory judgment lawsuit even though it was filed before a state court lawsuit seeking coverage); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 873-74 (8th Cir. 2000) (holding that district court abused its discretion in refusing to abstain from exercise of jurisdiction in a federal declaratory judgment action filed before a state court garnishment action involving the same coverage question); *see also Smart*, 307 F.3d at 686-87; *BASF Corp.*, 50 F.3d at 559; *American States Ins. Co. v. Gates Corp.*, 2008 WL 163588, at *5.

Looking to the relative progress of the proceedings, Plaintiff's assertion that the federal action has progressed further than the state court action similarly presumes too much.  That assertion, based as it is on the filing of Plaintiff's own motion for summary judgment[3] at an unusually early point in the proceedings–just five days after the filing of the answer and before the resolution of preliminary issues such as venue and the conduct

---

[3]  At present, that motion is not fully briefed, and there is a pending motion to extend Defendants' time to respond.  Even if the Court does not grant Defendants additional time to respond, the motion will not be ripe for several weeks.  Moreover, the Court presumes that Plaintiff can file essentially the same summary judgment motion in the state court proceeding, bringing that action to the same state of progress as the case before this Court.

of any discovery–carries little weight. *See BASF Corp.*, 50 F.3d at 559 (stating that relative progression of the suits should not be dispositive of the abstention issue); *Mid-Century Ins. Co. v. Bagnell*, No.09-1051-CV-W-ODS,2010 WL 1930159, at* 2 (W.D. Mo. May 7, 2010) (abstaining although there was a pending summary judgment in the federal suit).

Upon consideration of the applicable factors, the Court concludes that there are no applicable considerations under *the Wilton/Brillhart* analysis that materially weigh against abstention here. *See Brillhart*, 316 U.S. at 495. Therefore, on the basis of the reasoning set forth above, the Court will abstain from the exercise of jurisdiction in this matter and stay this proceeding pending the resolution of the action now pending in the Circuit Court for Laclede County, Missouri. *Wilton*, 515 U.S. at 288 n. 2 (noting that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy"); *see also Royal Indem. Co.*, 511 F.3d at 798 (noting a preference that the abstaining court enter a stay rather than a dismissal because of the potential for non-parallel proceedings and statutes of limitations issues).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to transfer venue is **DENIED without prejudice**. (Doc. No. 13.)

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss or in the

alternative, to stay is **GRANTED**.  (Doc. No. 20.)

**IT IS FURTHER ORDERED** that this matter shall be stayed pending the resolution of the equitable garnishment proceeding *Joseph Smith v. Maryland Casualty Company, et al.*, No. 12LA-CC00250, pending in the Circuit Court for Laclede County, Missouri.  The parties shall file a status report advising of the status of the state court proceedings on **April 1, 2013**, and every four months thereafter, and shall promptly advise the Court when the state court proceeding is concluded.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice** to refiling in the event that the stay of this action is lifted.

**IT IS FURTHER ORDERED** that the case shall be closed for administrative purposes only, subject to reopening at the conclusion of the state court proceeding.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2012.